Dear Representative Frith:
On behalf of Kaplan city alderman Presley Griffin you have requested the opinion of this office on the following issues which we have briefly answered with each question and followed by a more comprehensive discussion:
 1. Can a mayor buy, lease-purchase or lease a vehicle, tractor, or other equipment which costs below the present $15,000 bid requirement without a vote by the Board of Alderman (the Board)? Under the Local Government Budget Act, R.S. 39:1301-1316, once funds are budgeted, it is an executive function of the mayor to implement the budget by making the authorized expenditures for equipment, with or without bids, as required by law. The City may by ordinance adopt other procedures for the approval of purchases and other contracts. If the answer is yes, must the purchase be ratified by the the Board which is ultimately responsible for operating the City? Not unless the City adopts such a procedure by ordinance.
 2. If each vehicle, tractor, or piece of equipment costs in excess of present $15,000 bid requirement, is it correct to say the city clerk and the mayor must have the purchase advertised for public bids? Yes.
 3. If the mayor signs a lease-purchase agreement for equipment costing in excess of the present $15,000 bid requirement, must public bids be advertised by the mayor and city clerk, if the equipment purchased will become the property of the city upon expiration of the lease-purchase contract? Yes.
 4. If the mayor signs a lease-purchase contract for equipment costing in excess of the present $15,000 bid requirement, must public bids be advertised by the mayor and city clerk, if the lease-purchase contract has a purchase option provision? Yes.
 5. If the mayor signs a lease contract for a vehicle, tractor or back-hoe costing in excess of the present $15,000 bid requirement, must public bids be advertised by the mayor and city clerk, if the lease contract has a purchase option provision in the lease contract? Yes.
 6. Is it correct, that if the City leases a vehicle, tractor or equipment costing in excess of the public bid requirement, but the contract has no provision allowing for a purchase, it is not subject to public bids? Yes. However, if there is a provision which allows the City to purchase the leased vehicle, tractor or equipment at the expiration of the contract, R.S. 38:2212 et seq. requires advertisement for public bids on anything in excess of the public bid law requirements? Yes. Is that correct? Yes.
 7. Refer to the attached John Deere Tractor example contract which has a purchase option provision. Are the mayor and city clerk required to advertise for public bids for such a contract? Yes, if the price of the contract is $15,000 or more.
 8. Refer to the attached Case 580L Loader Back-Hoe
example agreement contract which has a purchase option provision. Are the mayor and city clerk required to advertise for public bids for such a contract? Yes, if the price of the contract is $15,000 or more.
 9. If no bids were advertised for the above lease-purchase and lease contracts, would such contracts violate R.S. 38:2220 since the public bid law was not complied with and thus render such contracts void? Yes, however, our courts have fashioned remedies other than nullity when contracts were formed without compliance with the Public Bid Law.
 10. What are the penalties for violating the Bid Law R.S. 38:2212 et seq.? Please send a copy of the current law. See attached provisions of R.S. 38:2220-2220.3.
 11. What are the penalties for violating the Public Bid Law? See attached provisions of R.S. 38:2220-2220.3.
 12. Could any of the above constitute malfeasance in office? You should consult with your District Attorney on the issue of whether specific conduct violates criminal law.
 13. What are the penalties for malfeasance in office? You should consult with your District Attorney on penalties for violation of criminal laws.
 14. Could any of above constitute misappropriation of public funds? You should consult with your District Attorney on the issue of whether specific conduct violates criminal law.
 15. What are the penalties for misappropriation of public funds? You should consult with your District Attorney on penalties for violation of criminal laws.
This office has long taken the position that a "pure lease" of equipment need not be publicly bid since the Public Bid Law, by its language, is applicable only to "purchases", and a lease is not a purchase. However, whenever a lease contract contains an option-to-purchase provision at any point during or at the end of the lease term, that lease is potentially a purchase and therefore must be treated as a contract for purchase and is subject to the bid requirements of the law. See Attorney General Opinion Numbers 88-62, 85-229, 84-418, 83-544, 81-452 and 78-1145.
Your questions regarding potential Public Bid Law violations cannot be answered in generalities, but would have to be addressed on a case by case basis after thorough investigation of a specific transaction. The remedies within the Public Bid Law are civil in nature and are generally initiated by an interested party seeking an injunction or a mandamus related to a specific action of a public entity. Criminal prosecution for violation of any statute should be initiated with your local District Attorney as this office has no original criminal jurisdiction.
I trust that this adequately answers your inquiries. Please do not hesitate to contact me if you require any additional information on this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/dam
Date Received: Date Released: February 8, 2001
Glenn R. Ducote Assistant Attorney General